IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **George E. Johnson, Jr.,**<br>       **Plaintiff,**<br><br>       **v.**<br><br>**Philadelphia Housing Authority, Kelvin Jeremiah and the City of Philadelphia,**<br>       **Defendants.** | **CIVIL ACTION**<br><br><br>**NO. 16-1817** |

### MEMORANDUM RE:

Baylson, J.                                                                                            September  29  , 2016

## I.    Introduction

Before the Court are several motions filed by *pro se* Plaintiff George E. Johnson, Jr. and a Motion to Dismiss filed by one defendant, the City of Philadelphia. For the reasons outlined below the pending motions are resolved as follows:

- Plaintiff's Motion to proceed *In Forma Pauperis* is granted;
- Plaintiff's Motion for Reconsideration is denied;
- Plaintiff's Motion for Default Judgment is denied;
- Defendant City of Philadelphia's Motion to Dismiss is granted without prejudice;
- Plaintiff's Motion for Summary Judgment is denied as premature.

## II.   Background and Procedural History

Plaintiff George E. Johnson, Jr. is a pro se litigant who filed suit against the Philadelphia Housing Authority ("PHA") and its executive director, Mr. Kelvin Jeremiah in the Philadelphia Court of Common Pleas on October 28, 2015. On March 15, 2016, while still in state court,

Plaintiff amended his complaint to include the City of Philadelphia (the "City") as a Defendant. On April 15, 2016, the City removed to Federal Court.[1]

After removal, on May 2, 2016, Plaintiff moved for the appointment of counsel. (ECF 10). This Court denied his motion on May 19, 2016. (ECF 6). Plaintiff appealed this Court's order denying his motion, and moved for reconsideration on June 6, 2016. (ECF 8, 10). Plaintiff's Motion for Reconsideration is presently before the Court.

On May 17, 2016, the City of Philadelphia (not PHA or Mr. Jeremiah) moved to dismiss Plaintiff's Complaint for failure to state a claim. (ECF 5). Plaintiff filed a Response and Counter Motion to the Motion to Dismiss on June 2, 2016. (ECF 7). On July 15, 2016 Plaintiff withdrew his Counter Motion, and asked the Court to consider his Response to the City's Motion to Dismiss timely. (ECF 15). The City did not file a Reply. The City of Philadelphia's Motion to Dismiss is ripe and before the Court.

On June 13, 2016 Plaintiff filed a "Motion for Continuation of *In Forma Pauperis*." (ECF 12). It appears that Plaintiff framed this motion as one for "continuation" because he was granted *in forma pauperis* status in state court and he wants to "continue" in that manner here.

On July 15, Plaintiff filed a Notice of intention to take default judgment against PHA and Mr. Jeremiah, alleging that those Defendants did not answer his Complaint. (ECF 14). On July 26, PHA and Mr. Jeremiah filed an Affidavit to show proof that they had answered Plaintiff's

---

[1] The court notes that Mr. Johnson has apparently been involved in other pro se litigation against local government entities and agencies in this district in the past few years. Mr. Johnson filed a case against PHA in July 2011 that was before Judge Goldberg. After granting *in forma pauperis* status, Judge Goldberg *sua sponte* dismissed the case under 28 U.S.C. § 1915(e) for lack of subject matter jurisdiction because Plaintiff was effectively requesting review of a decision made by the Court of Common Pleas. Similarly, Mr. Johnson filed a lawsuit against SEPTA, SEPTA's attorney, and the United States in September 2011. The case was assigned to Judge Goldberg and was dismissed in the same manner and for the same reasons as Mr. Johnson's June 2011 action.

Complaint in state court, prior to removal. (ECF 17). On July 29, Plaintiff filed a Motion for Entry of Default against PHA and Mr. Jeremiah (ECF 18). PHA and Mr. Jeremiah responded to Plaintiff's Motion on August 5, 2016 (ECF 19).

On August 26, 2016, Plaintiff filed a Motion for Summary Judgment as to the City of Philadelphia. (ECF 22). The City responded on September 19, 2016. (ECF 27).

**IV.  Discussion**

  A.  Plaintiff's Motion to Continue In Forma Pauperis

Plaintiff has filed a "motion to continue" *In Forma Pauperis*. (ECF 12). It appears that Plaintiff framed his motion as one for "continuation" because he was granted *In Forma Pauperis* ("IFP") status in state court and he wants to "continue" in that manner here. Plaintiff has not filed the affidavit regarding his assets that is required by the form application for IFP status in this District. However, Plaintiff did file an IFP application in state court, which is included with the City's removal papers in this case. (ECF 1). Given that Plaintiff's state court application is on the record, and given Plaintiff's representation regarding his income and assets on that application, Plaintiff is granted *In Forma Pauperis* status in this court.

  B.  Plaintiff's Motion for Reconsideration

On June 6, 2016, Plaintiff filed a Motion for Reconsideration. (ECF 10). By his Motion, Plaintiff asks this Court to reconsider its decision to deny Plaintiff's motion for appointment of counsel. In denying Plaintiff's original motion, this Court noted that it was not required to do so in this type of case, and referred him to the attorney referral service in this district.

Motions for reconsideration are intended to correct "manifest errors of law" or to enable a party to present "newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). That is, Motions for Reconsideration should not be "grounded on a request that a court rethink a decision already made." In re Blood Reagents Antitrust Litig., 756 F. Supp. 2d

3

637, 639 (E.D.Pa.2010). To successfully move for reconsideration, a movant must show either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999).

Here, Plaintiff does not present new law or evidence that would change the court's decision. In support of his motion, Plaintiff cites Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993) and Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984) abrogated by Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 109 S. Ct. 1814, 104 L. Ed. 2d 318 (1989). Both cases relate to appointment of counsel for prisoners proceeding *in forma pauperis* in civil litigation under 28 U.S.C. § 1915, and as a result, neither affect this Court's decision in Plaintiff's case.

### C. Plaintiffs Motion for Default Judgment

Plaintiff filed a notice of intention to take default on July 15, 2016 against PHA and Kelvin Jeremiah (not the City of Philadelphia). On July 29, 2016, Plaintiff filed a Motion for Default Judgment against PHA and Kelvin Jeremiah alleging that those defendants failed to file an answer to his Complaint. See ECF 18.

Plaintiff's motion is denied. Defendants PHA and Mr. Jeremiah filed an affidavit with attachments as proof that they had responded to Plaintiff's complaint in state court. See ECF 17. A review of the docket of the Court of Common Pleas confirms Defendants' representation. Under Federal Rule of Civil Procedure 81, parties are not required to re-plead upon removal, as long as they had previously filed a responsive pleading in state court. See Fed. R. Civ. P.

4

81(c)(2). Therefore, PHA and Mr. Jeremiah were not required to file a new answer in federal court.

    D. <u>City of Philadelphia's Motion to Dismiss</u>

In its Motion to Dismiss, the City of Philadelphia claims that Plaintiff has not alleged any wrongdoing on the part of the City, and as a result the Plaintiff's claims against the City should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

In evaluating a motion to dismiss, the court must view factual allegations in a light most favorable to the plaintiff, drawing all reasonable inferences therefrom. <u>Buck v. Hamilton Twp. Sch. Dist.</u>, 452 F.3d 256, 260 (3d Cir. 2002). Further, because Plaintiff is proceeding *pro se*, the court must liberally construe his pleadings, and apply the applicable law irrespective of whether he has mentioned it by name. <u>Dluhos v. Strasberg</u>, 321 F.3d 365, 369 (3d Cir. 2003).

In his Complaint, Plaintiff alleges that "The City of Philadelphia is named as a defendant in this action in as much as The City of Philadelphia is the respondent superior for the Philadelphia Police Department." Notice of Removal at Ex. A (ECF 1). Construing Plaintiff's *pro se* Complaint liberally, as is required, Plaintiff has alleged that the City is liable for the conduct of the police that entered his home in violation of the Fourth Amendment. In essence, Plaintiff brings a § 1983 claim against the City predicated on an unlawful search and seizure by a Philadelphia police officer.

The City of Philadelphia argues that Plaintiff has not alleged any wrongdoing by the City that would entitle it to relief. The City's motion consists of a recitation of the *Twombly* / *Iqbal* standard of review, followed by one substantive paragraph that does not identify any legal provision or principle in support of its argument.

Local governments and political subdivisions have no immunity from damages liability for claims brought under § 1983.  Owen v. City of Independece, 445 U.S. 622, 657 (1980).  However, under the United States Supreme Court's decision in Monell, a local government is only subject to §1983 liability where the local government itself causes a constitutional violation; a local government cannot be held liable under § 1983 simply because of the actions of one of its employees.  Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978) (expressly rejecting municipal § 1983 liability based on a *respondeat superior* theory); see also Cloyd v. Delaware Cty., No. CV 14-4833, 2015 WL 5302736, at *2 (E.D. Pa. Sept. 10, 2015)(Baylson, J.).  That is, to state a Monell claim, a plaintiff must allege that a municipality has unconstitutionally implemented or enforced a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the officers of that municipality.  Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000).  Said differently, a municipality may be held liable under § 1983 only when its policy or custom causes a particular constitutional violation.  Marable v. W. Pottsgrove Twp., 176 Fed. App'x 275, 282-83 (3d Cir. 2006).

Here, Plaintiff alleges only that the police entered and searched his home without a warrant and without probable cause to do so.  He does not allege that this unlawful entry and search of his home was as a result of any policy or custom adopted by the City of Philadelphia.  To the contrary, Plaintiff alleges that the entry was as a result of a false or inaccurate report made to the police.  Despite a liberal construction, Plaintiff's Complaint does not state a § 1983 claim against the City of Philadelphia under the Monell standard.

The City's Motion to Dismiss is granted without prejudice with leave to amend.

6

E.  Plaintiff's Motion for Summary Judgment

Plaintiff filed a Motion for Summary Judgment as to the City of Philadelphia on August 26.  As a *pro se* Plaintiff lacking an understanding of the rules, Plaintiff argues that because the City's Motion to Dismiss does not dispute the facts of his complaint, then there is "no genuine issue of material fact" and moves for summary judgment on that basis.  Because (1) there is not yet a factual record developed in this case, and (2) Plaintiff's claim against the City has been dismissed with leave to amend, Plaintiff's Motion for Summary Judgment is premature and is therefore denied.

## V.  Conclusion

An appropriate order follows.

O:\CIVIL 16\16-1817 Johnson v PHA\Memorandum - re Motion to Dismiss et al.docx